NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ELISABETH M. EVANS,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Civ. No. 05-133 (AET)

MEMORANDUM & ORDER

THOMPSON, U.S.D.J.

## I. Introduction

This matter comes before the Court on Defendant United States of America's Appeal from the Magistrate Judge's April 11, 2006 Order granting Plaintiff leave to amend her complaint. The Court has decided this appeal pursuant to Fed. R. Civ. P. 72(a) and Local Civil Rule 72.1(c) after considering the parties' written submissions. For the reasons stated below, the Court will reverse the Magistrate Judge's April 11, 2006 Order.

## II. Background

Plaintiff brought a civil action against Defendant to recover for injuries sustained when she fell in a government building in Kings Point, New York. Earlier, this Court dismissed Plaintiff's claims for relief pursuant to the Architectural Barriers Act ("ABA"), 42 U.S.C. § 4151, and the Americans with Disabilities Act, 42 U.S.C. § 12181. Plaintiff's remaining substantive claim, Count I, is a claim for negligence. Because the only remaining Defendant is the United States, Plaintiff's claim for negligence must be brought pursuant to the Federal Tort

Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. The Magistrate Judge's April 11, 2006 Order allowed Plaintiff to amend her complaint to allege more specific facts regarding her claim for negligence. Specifically, Plaintiff amended her complaint to include allegations that (1) Melville Hall was constructed or altered by Defendant; (2) Melville Hall did not comply with the design standards adopted by the U.S. Architectural and Transportation Barriers Compliance Board pursuant to the ABA; and (3) Defendant's failure to comply with the design standards was a continuing act of negligence.

Defendant now appeals the Magistrate Judge's decision granting Plaintiff leave to amend, and contends that the Magistrate Judge erred when she concluded that the amendment was not futile based on her finding that Plaintiff's amendment alleged a breach of duty grounded in common law rather than federal law.

## III. Discussion

### A. Standard of Review for Appeal of a Magistrate Judge Decision

In non-dispositive pretrial matters, a district court may only "reconsider [a] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also United Steelworkers of Am. v. N.J. Zinc Co., 828 F.2d 1001, 1005 n.2 (3d Cir. 1987). This is the same standard of review set out by Fed. R. Civ. P. 72(a) ("The district judge . . . shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."). Under this standard, the district court "is bound by the clearly erroneous rule in findings of facts . . . [and applies] plenary review as to matters of law." Haines v. Liggett Group Inc., 975 F.2d 81, 91 (3d Cir. 1992). The party filing the appeal bears the burden of demonstrating that the magistrate judge's decision was clearly

erroneous or contrary to law. Exxon Corp. v. Halcon Shipping Co., 156 F.R.D. 589, 591 (D.N.J. 1994). A magistrate judge's ruling is clearly erroneous "when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." S. Seas Catamaran, Inc. v. Motor Vessel "Leeway", 120 F.R.D. 17, 21 (D.N.J. 1988), aff'd, 993 F.2d 878 (3d Cir. 1993). Under the "clearly erroneous standard of review," the "magistrate judge's findings should not be rejected even if a reviewing court could have decided the issue differently." Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994).

B. Standard for Futility

Although leave to amend under Fed. R. Civ. P. 15(a) shall be given freely when justice so requires, a court may deny a party leave to amend a complaint if the proposed amendment would be futile. See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted. Id. To determine if an amendment would be futile, a court applies the same standard of legal sufficiency as would be applied to a Fed. R. Civ. P. 12(b)(6) motion. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court shall take all allegations as true and consider them in the light most favorable to the plaintiff. Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003). The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

C. Analysis

The FTCA provides a waiver of Defendant's sovereign immunity for certain torts

committed by its employees. Delta Sav. Bank v. United States, 265 F.3d 1017, 1024 (9th Cir. 2001). Plaintiff may bring an action for money damages against Defendant under the FTCA for

> personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphasis added). Thus, Plaintiff's claim for negligence must be grounded in New York law, as her fall occurred in New York. To establish a prima facie case of negligence, Plaintiff must establish the existence of a duty owed by Defendant to Plaintiff, a breach of that duty, and that such breach was a proximate cause of Plaintiff's injury. Alvino v. Lin, 751 N.Y.S.2d 585, 586 (App. Div. 2002).

However, Plaintiff may not establish negligence based on Defendant's violation of federal statutes or regulations alone; instead Plaintiff must base her claim on a comparable state law or regulation. Delta Sav. Bank, 265 F.3d at 1024-26 ("To bring suit under the FTCA based on negligence per se, a duty must be identified, and this duty cannot spring from federal law."); Sea Air Shuttle Corp. v. United States, 112 F.3d 532, 536 (1st Cir. 1997) ("[T]he FTCA does not apply where the claimed negligence arises out of the failure of the United States to carry out a [federal] statutory duty in the conduct of its own affairs.") (quotations omitted); Dorking Genetics v. United States, 76 F.3d 1261, 1266 & n.2 (2d Cir. 1996) (noting, without deciding the issue, that case law from another Circuit cast doubt on whether breach of a federal statutory duty would establish a claim of negligence per se under the FTCA); Johnson v. Sawyer, 47 F.3d 716, 727-29 (5th Cir. 1995) ("[C]ourts have generally refused to find the necessary state law duty in

an assertedly violated federal statute or regulation merely because the law of the relevant state included a general doctrine of negligence per se."); Cecile Indus., Inc. v. United States, 793 F.2d 97, 100 (3d Cir. 1986) ("Duties set forth in federal law do not . . . automatically create duties cognizable under local tort law.") (quotations omitted). Plaintiff's amendment alleged that Defendant breached its duty of care by failing to comply with federal design standards. Because Plaintiff's amendment merely relies on a breach of federal law, and does not rely on New York statutory or case law establishing a state-created duty to comply with the relevant federal regulations, the amendment failed to state a claim for negligence under the FTCA, and was futile. Therefore, the Court will reverse the decision of the Magistrate Judge and will order the Amended Complaint to be stricken from the docket.

## IV. Conclusion

For the foregoing reasons, and for good cause shown,

It is on this 10th day of August, 2006,

ORDERED that the April 11, 2006 Order of the Magistrate Judge is REVERSED; and it is further

ORDERED that Plaintiff's Amended Complaint [docket #'s 53, 55, & 56] shall be STRICKEN from the docket.

s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.