NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                                      :
ELISABETH M. EVANS,                    :         Civil No. 05-133 (AET)
                                                      :
        Plaintiff,                               :         **MEMORANDUM & ORDER**
                                                      :
        v.                                          :
                                                      :
UNITED STATES OF AMERICA, et al.,  :
                                                      :
        Defendants.                           :
_____:

THOMPSON, U.S.D.J.

I.      Introduction

        This matter is before the Court on Plaintiff's Motion for Reconsideration, pursuant to

Local Civil Rule 7.1(i).  The Court has decided this motion after considering all the written

submissions of the parties.  No oral argument was heard pursuant to Fed. R. Civ. P. 78.  Because

Plaintiff has failed to meet the standard required for the Court to grant a motion for

reconsideration, Plaintiff's Motion is denied.

II.     Background

        The Court incorporates by reference the information provided in its Memorandum and

Order dated August 10, 2006 ("August 10th Order").  Plaintiff seeks reconsideration of the

August 10th Order, in which the Court: (1) reversed the Magistrate Judge's Order of April 11,

2006, granting Plaintiff leave to amend her Complaint; and (2) ordered Plaintiff's Amended

Complaint stricken from the docket.  Specifically, Plaintiff amended her Complaint to allege

that: (1) Melville Hall was constructed or altered by Defendant; (2) Melville Hall did not comply

with the design standards for government buildings adopted by the U.S. Architectural and

Transportation Barriers Compliance Board, pursuant to the Architectural Barriers Act of 1968,

42 U.S.C. § 4151; and (3) Defendant's failure to comply with the federal standards constitutes

negligence, for which Defendant is liable pursuant to the Federal Tort Claims Act, 28 U.S.C. §

2674. (Am. Compl. ¶¶ 16.1-16.9.)  In the August 10th Order, the Court held:

> Plaintiff's amendment alleged that Defendant breached its duty of care by failing to
> comply with federal design standards.  Because Plaintiff's amendment merely relies
> on a breach of federal law, and does not rely on New York statutory or case law
> establishing a state-created duty to comply with the relevant federal regulations, the
> amendment failed to state a claim for negligence under the [Federal Tort Claims Act
> ("FTCA")], and was futile.

Thus, the Court ordered the Amended Complaint stricken from the docket.  The instant Motion

followed.

III.     Discussion

    A.     Standard of Review

As Plaintiff does not argue an intervening change in the controlling law or the availability

of new evidence that was not previously available, the Court may grant Plaintiff's Motion only if

she establishes "the need to correct a clear error of law or fact or to prevent manifest injustice."

Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing

N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

"[R]econsideration is an extraordinary remedy, that is granted very sparingly."  Brackett v.

Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003).  Under Local

Civil Rule 7.1(i), the movant must submit a "brief setting forth concisely the matter or

controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."
D.N.J. Civ. R. 7.1(i).  In other words, the movant may address only matters that were presented
to the Court, but were not considered by the Court in making the decision at issue.  United States
v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  A party asserting a difference
of opinion with a court's decision should not bring a motion for reconsideration; rather, he or she
should seek relief through the normal appellate process.  Chicosky v. Presbyterian Med. Ctr., 979
F. Supp. 316, 318 (D.N.J. 1997); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F.
Supp. 159, 163 (D.N.J. 1988).

    B.    Analysis

        1.    "Overlooked" Matters

Plaintiff argues that, because the Court did not specifically mention each of Plaintiff's
materials, cases, and arguments in the August 10th Order, the Court never considered, or
"overlooked," these materials, cases, and arguments.  Contrary to Plaintiff's assertions, the Court
considered and reviewed all the written submissions of the parties before making its August 10,
2006 ruling, as the Court made clear to Plaintiff in its letter dated August 14, 2006.

        2.    Clear Error of Law or Fact or Manifest Injustice

Plaintiff argues that the Court erred by determining that Plaintiff's amendment alleged an
additional cause of action; one based upon Defendant's breach of federal law.  Rather, Plaintiff
argues, the amendment was not intended to add an additional cause of action founded on federal
law, but "[t]he Amended Complaint was for the purpose of allowing proof of the nature and
extent of the various alteration[s] that were made to Melville Hall from time to time by the
Government."  (Pl.'s Br. Supp. Mot. for Recons. at 9.)  Plaintiff further asserts that the Amended

Complaint "included greater specificity with respect to the acts of negligence for which recovery is being sought under New York law." (Id. at 11.)  Plaintiff's amendment, however, does not simply add further facts of negligence under New York law, but reads as though Plaintiff seeks recovery on the basis of a breach of federal law.

In the amendment, Plaintiff alleges Melville Hall was constructed or altered by Defendant to operate as a food or drink establishment.  (Am. Compl. ¶¶ 16.1-16.2, 16.5-16.6.)  Plaintiff also alleges that the alterations "did not comply with the then existing design standards for government buildings which were adopted by the U.S. Architectural and Transportation Barriers Compliance Board pursuant to the Architectural Barrier[s] Act of 1968 . . . ."  (Am. Compl. ¶ 16.3.)  Plaintiff further pleads, however, that "the failure of the United States to comply with the . . . minimum architectural standards is a continuing act of negligence, for which the United States is liable to plaintiff pursuant to 28 U.S.C.A. 2674."  (Am. Compl. ¶ 16.9.)

While Plaintiff may argue in her briefs that the amendment was simply intended to allege facts that would be only evidence of negligence, a court looks only at the pleadings in assessing a motion to amend a complaint.  See Pharm. Sales & Consulting Corp. v. J.W.S. Delavu, Co., 106 F. Supp. 2d 761, 765 (D.N.J. 2000).  Plaintiff's pleading went beyond presenting possible evidence of negligence, stated the legal conclusion that Defendant's non-compliance is negligence, (Am. Compl. ¶¶ 16.4, 16.9), and further alleged that the FTCA imposes liability for that non-compliance (Am. Compl. ¶ 16.9).  In light of Plaintiff's legal conclusions, it was not clear error for this Court to conclude that Plaintiff was attempting to assert a breach of federal law as a basis for liability under the FTCA.  Such an amendment is futile, and this Court properly struck Plaintiff's amendment as phrased.  See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000)

(stating that an amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted); <u>Delta Sav. Bank v. United States</u>, 265 F.3d 1017, 1024-26 (9th Cir. 2001) ("To bring suit under the FTCA based on negligence per se, a duty must be identified, and this duty cannot spring from federal law.").

Therefore, as Plaintiff has not demonstrated a clear error of law or fact, or any manifest injustice resulting from the striking of her Amended Complaint, the Court denies Plaintiff's Motion for Reconsideration.  Plaintiff is free to amend her Complaint to allege properly that Defendant's failure to comply with the federal regulations may be considered by the trier of fact as evidence of negligence under New York law.  <u>See, e.g.</u>, <u>Johnson v. Sawyer</u>, 47 F.3d 716, 728 (5th Cir. 1995) (stating that if a private person would owe a duty under state law to the injured party in a non-federal context, then the federal regulatory violation by the Government may be evidence of negligence in the performance of that state law duty); <u>Caban v. United States</u>, 728 F.2d 68, 72 (2d Cir. 1984) (stating that reference in the FTCA to the "law of the place" means the "whole law" of the state where the incident took place; applying a state's "whole law" requires a court look to whatever law, including federal law, the state courts would apply in like circumstances involving a private defendant); 2-9 Lester S. Jayson & Robert C. Longstreth, <u>Handling Federal Tort Claims</u> § 9.05 (2005) (commenting that "the violation of federal standards [may] be seen as persuasive evidence that the standard of care imposed by state law has been breached").

<u>IV.</u>   <u>Conclusion</u>

For the foregoing reasons and for good cause shown,

It is on this 25th day of September, 2006,

**ORDERED** that Plaintiff's Motion for Reconsideration [64] is **DENIED**; and it is further

**ORDERED** that Plaintiff is granted leave to amend her Complaint to allege facts

consistent with this Memorandum and Order.


s/ Anne E. Thompson
_____
ANNE E. THOMPSON, U.S.D.J.
